UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA BLISS,

       Plaintiff,                        CIVIL ACTION NO. 05 CV 60181 AA

      v.                                 DISTRICT JUDGE JOHN CORBETT O'MEARA

COMMISSIONER OF                   MAGISTRATE JUDGE VIRGINIA MORGAN
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action for judicial review of the defendant's decision denying plaintiff's application for Social Security disability benefits. In this 2001 application, plaintiff alleged that she became disabled as of March 1, 1999, due to gastroesophageal reflux disease (GERD), asthma, and coronary artery disease. The ALJ found that plaintiff, despite her impairments, retained the residual functional capacity to perform a limited range of sedentary work, and after considering the testimony of the vocational expert, concluded that she could perform a significant number of jobs in the national economy. Accordingly, she was determined to be not disabled. This determination became the agency's final determination on which plaintiff seeks judicial review. Plaintiff contends that this finding is not supported by substantial evidence. Defendant contends otherwise. Both sides have now filed motions for summary judgment. For

- 1 -

the reasons stated in this Report, it is recommended that the defendant's motion be granted, that of the plaintiff denied, and the decision denying disability benefits be affirmed.

The issue before the court is whether to affirm the Commissioner's determination. In Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989), the court held that:

> Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. 42 U.S.C. §405(g); Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L. Ed. 2d 842 (1971). Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L. Ed. 2d 126 (1938). The scope of our review is limited to an examination of the record only. We do not review the evidence *de novo*, make credibility determinations nor weigh the evidence. Reynolds v. Secretary of Health and Human Services, 707 F.2d 927 (5th Cir. 1983).

Brainard, 889 F.2d at 681.

To establish a compensable disability under the Social Security Act, a claimant must demonstrate that he is unable to engage in any substantial gainful activity because he has a medically determinable physical or mental impairment that can be expected to result in death or has lasted, or can be expected to last, for at least 12 continuous months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). If a claimant establishes that he cannot perform his past relevant work, the burden is on the Commissioner to establish that the claimant is not disabled by showing that the claimant has transferable skills which enable him to perform other work in the

national economy.  Preslar v. Secretary of HHS, 14 F.3d 1107 (6th Cir. 1994); Kirk v. Secretary of HHS, 667 F.2d 524, 529 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).

Plaintiff raises two issues in this court.  First, that the ALJ erred by failing to give deference to the opinion of plaintiff's treating physicians and second, that the ALJ relied on an improper hypothetical to assess whether jobs existed which plaintiff could perform.

Plaintiff had a hearing before an ALJ and testified that she has not worked since her onset date. (Tr. 514)  She was last insured only through June, 2000. (Tr. 541)  Thus, in order to be entitled to Title II benefits, she would need to establish that she was disabled before that date.  She has past relevant work as a home builder and remodeler and was 48 years old on the date of the ALJ's decision.  Plaintiff drives two to three times a week on trips of about 20 miles duration to see her mother. (Tr. 535)  She usually does her own grocery shopping and uses a riding cart at the store.

**1. Opinion of the Treating Physicians**

Plaintiff submits that the ALJ disregarded three uncontradicted medical opinions that she was disabled from working.  Plaintiff argues that the treating physician's testimony was not given the appropriate weight.  Great deference is to be given to medical opinions and diagnoses of treating physicians.  Harris v. Heckler, 756 F.2d 431 (6th Cir. 1985).  Complete deference is given when said opinions are uncontradicted.  However, in both instances, the opinion of the treating physician must be based on sufficient medical data.  Garner v. Heckler, 745 F.2d 383, 391 (6th Cir. 1984); Houston v. Secretary of HHS, 736 F.2d 365, 367 (6th Cir. 1984).  Where the doctor's physical capacity evaluation contains no substantiating medical opinions and is

inconsistent with the doctor's previous opinions or other medical evidence, the defendant is not required to credit such opinions. Villarreal v. HHS, 818 F.2d 461, 463 (6th Cir. 1987). This circuit has reaffirmed that the determination of disability is ultimately the prerogative of the Commissioner, not the treating physician. Warner v. Commissioner of Social Security, 375 F.3d 387 (2004) (citing Harris v. Heckler, 756 F.2d at 435). It should also be noted that a statement by plaintiff's physician that he or she is "disabled" or "unable to work" does not mean the defendant will determine that individual plaintiff is disabled. The defendant is responsible for reviewing the medical findings and other evidence that support a physician's statement of disability and determine whether or not said individual is disabled. 20 C.F.R. §404.1527. After review of the record, and despite plaintiff's assertion to the contrary, the magistrate judge finds, as discussed below, that the opinions are not supported by objective evidence and conflict with other physicians' findings. Thus, it was not error for the ALJ to give them little weight.

Plaintiff contends that the opinions of Drs. Gamble, DeMeireles, and Fulmer support her disability. The ALJ rejected these opinions because they were not supported by the objective evidence of record. Plaintiff's medical records show that she was seen in August, 1999, by Dr. Grace H. Elta, M.D., for asthma. (Tr. 334-35) Symptomatic despite multiple medications and with acid reflux, plaintiff was subsequently admitted to the University of Michigan for a Nissen fundoplication to correct her condition. (Tr. 319-324) In a four month follow up exam, Dr. Pichurko noted that plaintiff had a remarkable degree of improvement of her respiratory status and her residual pain from surgery was being treated with nerve blocks. (Tr. 403) She took no asthma control medications and Albuterol very infrequently, on an as needed basis. His

impression included asthma, with a dramatic response to gastroesophageal surgery. (Tr. 403) In May, 2000, plaintiff was seen by Paul L. Fine, M.D., who noted that her April, 2000 24-hour pH probe showed no significant GERD and no significant symptom correlation. The impression was that she was not having GERD. (Tr. 286) She had some intercostal neuralgia secondary to a procedure a week or so earlier and her symptoms showed improvement. She was on Celebrex, Vicodin, and Neurotin. *Id.* In June, 2000, she had some gas after meals but no burning sensation related to GERD. (Tr. 281-2) Her pulmonary function studies showed FEV-1 of 89% and FVC of 3.43 liters. She no longer used Albuterol and could walk a few blocks at a time. In November, 2000, after her insured status had expired, plaintiff saw Dr. Jeffrey Rosenthal, D.O., a pain specialist who evaluated her neuropathy. She rated her pain as a 2-3 on a 10 point scale. (Tr. 269) She used Lidoderm patches successfully and a TENS unit which was helping considerably. She was walking one-half mile two to three times a week and was sleeping through the night. Her pain was exacerbated by excessive activity. Dr. Rosenthal opined that the pain was under adequate control with the medical intervention. (Tr. 269)

**A. Dr. Gambel's opinion**:

Dr. Gambel first saw plaintiff in July, 2001, more than a year after her insured status expired. In August, 2001, Dr. Michael L. Gambel by his physician's assistant wrote a letter concluding that her physical disabilities are limited by her neuropathic pain and this required that she not stand for excessive periods of time. She also had difficulties with bending and stooping. (Tr. 469) The letter further opined that plaintiff was "unable to work at a full-time occupation, due to the fact that she requires frequent rest periods and she also has the inability to lift any

object over five pounds." (Tr. 469) It appears that at the time the letter was written Dr. Gambel had examined plaintiff on only one occasion. He had not been treating plaintiff for an extensive period of time. Physicians who examine plaintiff only one time, even at plaintiff's request, are not treating physicians. McSwain v. Secretary of HHS, 814 F.2d 617, 619 (11th Cir. 1987). Therefore, their opinions are not entitled to substantial weight. Due to the absence of a long term treatment relationship, and the fact that the examination occurred well outside of her insured period, it was not error for the ALJ to give this opinion little weight.

      **B. Dr. Fulmer's opinion**:

In a letter dated March 13, 2001, Dr. Fulmer, M.D., opined that plaintiff is not able to work due to the need for frequent rest periods and the inability to lift any object over five pounds without experiencing pain in the left side. He believes that she will most likely be on pain medications long term if not lifetime and will need close medical monitoring of her asthma and GERD. (Tr. 407) In August, 2001, he added that she cannot do any bending, pushing, pulling stretching, sitting or standing for any length of time. (Tr. 408) However, little if any objective support for these conclusions is contained in the letters. The letter summarizes the list of physicians she has seen, but Dr. Fulmer's conclusions appear to be based only on plaintiff's subjective complaints. No recent objective measures support the conclusions.

In between the time of Dr. Fulmer's letters, on July 24, 2001, a Physical Residual Functional Capacity Assessment was completed by a state agency physician who reviewed the medical evidence and concluded that plaintiff could perform light work which required occasional postural maneuvers, and did not require concentrated exposure to fumes, odors, dust,

gases, and poor ventilation. (Tr. 439-46) Similar results but permitting even more postural maneuvers were reached at the additional review in August, 2001. (Tr. 461-468)

In August, 2001, plaintiff was examined by Seth Cohen, M.D., a consultive physician, for an evaluation. After conducting an examination, Dr. Cohen diagnosed a past history of several conditions: episodic chest pain, asthma, GERD, abdominal pain, and tobacco use. (Tr. 449) The physical examination showed that plaintiff had clear lung fields, was in no acute distress but was hoarse when speaking, and was initially uncooperative. (Tr. 448) Her pulmonary function showed mild obstruction secondary to restrictive airway disease. She could walk slowly but without any assistive aid. (Tr. 451-457) Thus, Dr. Fulmer's opinion was properly given little weight.

### C. Dr. DeMeireles's opinion:

Plaintiff was treated at Providence Hospital by Dr. Mario DeMeireles, M.D., her internist. It is not clear when she began treating with Dr. DeMeireles. In a letter dated April 4, 2003, as a follow up to form previously filed, Dr. DeMeireles states that plaintiff was on a variety of medications, that her pain was severe and constant, that she could not lift more than five pounds, that she had to use a cane at all times, and could not use her hands or arms for simple grasping, pushing, pulling or reaching. She could not meet her needs at home without assistance. (Tr. 470) No objective evidence is cited to support the findings.

It does not appear that disabling conditions were noted by other treaters. Five days before the letter, plaintiff was seen by Dr. Baghodoian, M.D., her orthopedist, for right knee follow up to a torn meniscus and related injury. (Tr. 482, 473) In a report, copied to Dr. DeMeireles, it

was noted that plaintiff's symptoms are improving.[1]  She had completed her physical therapy. She was to continue with a home exercise program, avoid deep knee bends and squats.  The prognosis was fair to favorable.  (Tr. 473)  Physical therapy progress reports for January, 2003, show that she had some racing heart beats when riding the bike and using the treadmill.  Further physical therapy continued, with the goal to increase her strength and endurance.  (Tr. 474)  It was noted that she was fully retired from work.  (Tr. 476)

Because the ALJ provided good reasons for rejecting the opinions and because his conclusions are supported by substantial evidence, it was not error to accord the opinion little weight.

**2.    Use of the hypothetical to assess whether there are jobs that plaintiff could perform:**

Plaintiff argues that the hypothetical question asked of the vocational expert failed to accurately portray the plaintiff's impairments.  If a vocational expert's testimony fails to take into account the medical condition of plaintiff or if the expert is unable to testify without qualification as to the jobs plaintiff can perform, the ALJ cannot rely on the expert's testimony.  Sias v. Secretary of HHS, 861 F.2d 475, 481 (6th Cir. 1988) (citing Hall v.Bowen, 837 F.2d 272, 274 (6th Cir. 1987)  However, the expert need not have first-hand knowledge of someone in plaintiff's condition performing the identified jobs.  Sias, 861 F.2d at 481.

---

[1] Plaintiff testified that her knee problem makes it difficult for her to drive, but otherwise it does not seem to be incorporated as a basis for disability.

Plaintiff claims the ALJ did not properly evaluate her complaints of disabling pain. The ALJ found they were not credible. Pain caused by an impairment can be disabling, but each individual has a different tolerance of pain. Houston v. Secretary of HHS, 736 F.2d 365, 367 (6th Cir. 1984). Therefore, a determination of disability based on pain depends largely on the credibility of the plaintiff. Houston, 736 F.2d at 367; Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997); Villarreal v. Secretary of HHS, 818 F.2d 461, 463 (6th Cir. 1987). Because determinations of credibility are peculiarly within the province of the ALJ, those conclusions should not be discarded lightly. Villarreal, 818 F.2d at 463 and 464.

In Duncan v. Secretary of HHS, 801 F.2d 847 (6th Cir. 1986), this circuit modified its previous holdings that subjective complaints of pain may support a claim of disability. Subsequently, the Social Security Act was modified to incorporate the standard. 20 C.F.R. § 404.1529 (1995). A finding of disability cannot be based solely on subjective allegations of pain. There must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain. Jones v. Secretary of HHS, 945 F.2d 1365, 1369 (6th Cir. 1991). Here, plaintiff rated her pain as a 3 on scale of 10 and reported improvement with the pain patches. Thus, the ALJ reasonably refused to include this unsubstantiated allegation in the hypothetical.

Essentially, plaintiff argues that she needs frequent rest breaks which would preclude her working. She states that Drs. Fulmer and Gambel so found. However, as noted above, these

- 9 -

findings seem supported only by plaintiff's subjective representations and are without objective support.  She exercised to a level of 10 METS on her exercise stress test, indicating a normal work capacity.  Thus, her claim of the need for frequent breaks was reasonably rejected by the ALJ as not supported by the medical evidence.  Additionally, even if credence were given to the need for frequent breaks as testified to by plaintiff, there were 1450 existing visual surveillance monitor jobs which the vocational expert opined that she could still perform.  This is a significant number of jobs.  Hall v. Bowen, 837 F.2d 272, 273 (6th Cir. 1988) (1350 jobs is a significant number).

Accordingly, it is recommended that the defendant's motion for summary judgment be granted, that of the plaintiff denied, and the decision denying benefits be affirmed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

    s/Virginia M. Morgan
VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated: February 27, 2006

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record and the Social Security Administration via the Court's ECF System and/or U. S. Mail on February 27, 2006.

s/Jennifer Hernandez
Case Manager to
Magistrate Judge Virginia M. Morgan